**STEVEN I. GREENE, ESQ. (SG-8924)**
1061 Bloomfield Avenue
West Caldwell, NJ 07006
PHONE (973) 575-5001
FACSIMILE (973) 575-5117
ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**ANDREW CASCIANO,**

     **Plaintiff,**

     v.

**CITY OF PATERSON, PATERSON POLICE
DEPARTMENT, RUBEN MCAUSLAND,
Individually and under color of State law,
ROGER THEN, Individually and under color of
State Law, TROY OSWALD, Chief of Police of
the Paterson Police Department, Individually and
under color of State law, JERRY SPEZIALE, Police
Director of the Paterson Police department,
Individually and under color of State law, JOHN
DOES 1-5 AND ABC ENTITIES 1-5 (as yet
unknown and unidentified jail officials, supervisors,
agents or employees or entities),**

     **Defendants.**

Hon._____

CIVIL ACTION #: _____

COMPLAINT AND
JURY DEMAND

## I. PARTIES

1.    At all relevant times herein plaintiff **ANDREW CASCIANO** (hereinafter
**"CASCIANO"**) was and is a domiciliary of the City of Paterson, in the State of New
Jersey.

2.    At all relevant times herein the defendant **CITY OF PATERSON,** was and still is a
municipal entity organized and existing pursuant to the laws of the State of New Jersey.

3.     At all relevant times herein, upon information and belief, the defendant **PATERSON POLICE DEPARTMENT** was and is an agency, department and/or subdivision of the **CITY OF PATERSON** organized and existing pursuant to the laws of the State of New Jersey, engaged in the hiring, training and supervision of law enforcement officers.

4.     At all relevant times herein, upon information and belief, defendant **RUBEN MCAUSLAND** (hereinafter **"MCAUSLAND"**) was a police officer employed by the defendants **CITY OF PATERSON** and the **PATERSON POLICE DEPARTMENT,** acting in his official capacity as a police officer under color of law.  He is sued Individually and in his official capacity as a police officer of the City of Paterson.

5.     At all relevant times herein, upon information and belief, defendant **ROGER THEN** (hereinafter **"THEN"**) was a police officer employed by the defendants **CITY OF PATERSON** and the **PATERSON POLICE DEPARTMENT,** acting in his official capacity as a police officer under color of law.  He is sued Individually and in his official capacity as a police officer of the City of Paterson.

6.     At all relevant times herein, upon information and belief, defendant **TROY OSWALD** (hereinafter **"CHIEF OSWALD"),** was the Chief of Police of the **PATERSON POLICE DEPARTMENT,** responsible for the supervision and oversight of the Department, including the development, promulgation, and implementation of policies, procedures and standards for the police department and more specifically policies, procedures and standards relating to the hiring, training, suspension, use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of police officers of the **PATERSON POLICE DEPARTMENT.** He is sued Individually and in his official capacity as a Chief of Police of the City of Paterson.

2

7.    At all relevant times herein, upon information and belief. defendant **JERRY SPEZIALE** (hereinafter **"DIRECTOR SPEZIALE"**), was the Police Director of the **PATERSON POLICE DEPARTMENT,** responsible for the supervision and oversight of the Department, including the development, promulgation, and implementation of policies, procedures and standards for the police department and more specifically policies, procedures and standards relating to the hiring, training, suspension, use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of police officers of the **PATERSON POLICE DEPARTMENT.** He is sued Individually and in his official capacity as a Director of Police of the City of Paterson.

8.    At all relevant times herein defendants **ABC ENTITIES 1-5** were as yet unidentified departments, agencies or subdivisions of the **CITY OF PATERSON, PATERSON POLICE DEPARTMENT,** and/or municipal entities responsible for procedures and standards for the police department and more specifically policies, procedures and standards relating to the hiring, training, suspension, use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of defendant police officers **MCAUSLAND, THEN,** and others.

9.    At all relevant times herein defendants **JOHN DOES 1-5 (as yet unidentified individuals)** were duly appointed police officers and/or supervisors of defendants **CITY OF PATERSON** and the **PATERSON POLICE DEPARTMENT.** They are sued Individually and in their official capacity as a police officers and/or supervisors of the City of Paterson.

## II. NATURE OF ACTION

10.   On or about March 5, 2018, plaintiff **CASCIANO** while at St. Joseph's Medical Center, Paterson, State of New Jersey (hereafter "**St. Joseph's**"), was subject to the unlawful use of excessive and unnecessary force by defendants officers **MCAUSLAND, THEN** and **JOHN DOES 1-5** (collectively, the **"OFFICER DEFENDANTS"**) without justification or cause.

3

11. On or about March 5, 2018, plaintiff **CASCIANO,** while at St. Joseph's, was subject to unlawful detention and imprisonment by defendants officers **MCAUSLAND, THEN,** and **JOHN DOES 1-5** without justification or cause.

12. Thereafter plaintiff **CASCIANO** was subjected to abuse of process without justification or cause.

13. On March 5, 2018 and continuing, plaintiff **CASCIANO** was subjected to unlawful emotional distress without justification or cause.

14. Plaintiff **CASCIANO** was caused to suffer severe and permanent injuries by reason of the assault and use of unlawful force by defendants officers **MCAUSLAND, THEN,** and **JOHN DOES 1-5.**

15. Plaintiff **CASCIANO** institutes this action for compensatory and punitive damages arising out of the unlawful actions and conduct of the defendants officers **MCAUSLAND, THEN, and JOHN DOES 1-5,** who, acting under color of state law and federal law and under authority, custom and usage of the defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT and ABC ENTITIES 1-5,** violated the civil rights of plaintiff protected by and secured under the provisions of the First, Fourth, and Fourteenth amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Section 1983.

16. At all relevant times herein, defendants **MCAUSLAND,** and **THEN,** were acting under color of state law and within the scope of their authority as employees and/or officers of defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT** and **ABC ENTITIES 1-5** as well as acting under the direct supervision of **CHIEF OSWALD** and **DIRECTOR SPEZIALE.**

### III. JURISDICTION

4

17.     This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331, 1332, 1343 (2), 1343 (3), 1343 (4), and Title 42 of the United States Code, Section 1983, as well as supplemental jurisdiction to adjudicate plaintiff's causes of action on the state and common law claims.

18.     Venue is properly laid in the United States District Court of the District of New Jersey pursuant to Title 28 United States Code Section 1391 (b) in that all of the acts complained of herein occurred in the district and that the defendants are citizens of, reside in or are public entities of the State of New Jersey and domiciled within this district.

### IV. FACTUAL ALLEGATIONS

19.     On the 5th day of March, 2018, Plaintiff **CASCIANO** placed a call to 911 for emergency assistance regarding an attempted suicide.

20.     Plaintiff **CASCIANO** was transported to St. Joseph's.

21.     Defendants **MCAUSLAND** and **THEN** first went to Plaintiff's home and then went to St. Joseph's, in response to the attempted suicide by Plaintiff **CASCIANO**.

22.     In the waiting area of St. Joseph's Emergency Room, Plaintiff **CASCIANO** was in a wheelchair when Defendant **MCAUSLAND** pushed the Plaintiff and then punched the Plaintiff in the face with his right hand.

23.     Defendant **THEN** grabbed the Plaintiff by the back of the neck and further pushed the Plaintiff to the ground.

24.     In a St. Joseph's patient room, the Plaintiff was on his back in a hospital bed when Defendant **MCAUSLAND** put on a pair of exam gloves and violently struck the Plaintiff twice across the face.  Defendant **MCAUSLAND** then said to the Plaintiff, "I ain't [expletive] playing with you."

25.     Defendant **THEN** recorded the incident in the hospital room using his cellular

telephone and laughed while Defendant **MCAUSLAND** was assaulting the Plaintiff.

26. Defendants maliciously and with deliberate indifference and without cause deprived plaintiff of his liberty and the rights, privileges and immunities granted to him under the United States Constitution by use of excessive force and the filing of a false police report.

27. Defendant **THEN** knowingly and willfully conspired and agreed with Defendant **MCAUSLAND** to injure, oppress, threaten, and intimidate the Plaintiff in the free exercise and enjoyment of the rights secured to the Plaintiff by the Constitution and laws of the United States, namely, the right to be free from unreasonable searches and seizures, which includes the right to be free from the use of unreasonable force by a law enforcement officer.

28. It was further part of the conspiracy that Defendant **THEN**, instead of attempting to stop Defendant **MCAUSLAND,** recorded **MCAUSLAND** putting on a pair of exam gloves and violently striking the Victim twice across the face.

29. It was further part of the conspiracy that Defendants **THEN** and **MCAUSLAND** submitted a false Incident Report to the Paterson Police Department and Defendants **THEN** and **MCAUSLAND** agreed to omit and did omit material facts from the Incident Report, namely that: (a) MCAUSLAND punched the Plaintiff and **THEN** grabbed the Plaintiff by the neck and pushed the Victim towards the ground; (b) **MCAUSLAND** violently struck the Plaintiff, twice, in a hospital room; and (c) that **THEN** used his cellular telephone to record **MCAUSLAND'S** assault of the Plaintiff in the St. Joseph's hospital room.

30. The conduct of the **OFFICER DEFENDANTS** constitutes an abuse of process which deprived plaintiff of his liberty and the rights, privileges and immunities granted to him under the United States and New Jersey Constitutions.

31.   At all relevant times herein, defendants **MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, ABC ENTITIES 1-5** and **JOHN DOES 1-5** were acting under color of state law and within the scope of their authority as employees, agents and/or officers of defendants **CITY OF PATERSON** and the **PATERSON POLICE DEPARTMENT.**

32.   During all relevant times herein defendants **MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE** and **JOHN DOES 1-5,** their agents servants, and/or employees acted under color of law, under the color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs, usages, and practices of the said police departments, agencies and entities.

33.   During all relevant times defendants **DIRECTOR SPEZIALE** and **CHIEF OSWALD** ratified and maintained a practice, custom and/or policy of failing to train, discipline and/or supervise the **OFFICER DEFENDANTS** in conformity with clearly established constitutional principles which govern their conduct, including proscriptions against the use of excessive force in effecting seizures and/or control of unarmed persons.

34.   During all relevant times herein defendants **DIRECTOR SPEZIALE** and **CHIEF OSWALD** were responsible for the conduct of the **OFFICER DEFENDANTS** as well as instruction, supervision and implementation of proper law enforcement procedures and oversight over the **PATERSON POLICE DEPARTMENT.**

35.   During all relevant times herein the aforementioned defendants acted jointly and in concert with each other, and conspired and agreed between and amongst themselves to commit unlawful assault, battery and violations of civil rights upon plaintiff **CASCIANO.**

36.   At all relevant times herein the defendants acted with deliberate and conscious indifference to **CASCIANO's** constitutional rights which violations arise out of a pattern of

custom, policy and practice by and of defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, ABC ENTITIES 1-5, DIRECTOR SPEZIALE** and **CHIEF OSWALD** in allowing the use of excessive force, permitting and condoning the use of excessive force and violation of police procedures as well as the failure to properly hire, train and supervise police officers in the proper conduct of their duties and in the use of force.

37.     Prior to the events of March 5, 2018 and at all relevant times herein, the defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, ABC ENTITIES 1-5, DIRECTOR SPEZIALE** and **CHIEF OSWALD** acted with deliberate and conscious indifference to **CASCIANO's** constitutional rights which violations arise out of a pattern of custom, policy and practice by and of defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, ABC ENTITIES 1-5, DIRECTOR SPEZIALE** and **CHIEF OSWALD** in allowing Defendant **MCAUSLAND** to participate in police work while they had prior knowledge that he had improperly engage in illegal activities including in multiple drug related transactions between September 2017 and the end of February 2018.

38.     The abuse to which plaintiff Casciano was subjected was consistent with an institutionalized practice of the Paterson Police Department, which was known and ratified by defendants **DIRECTOR SPEZIALE** and **CHIEF OSWALD** and the **CITY OF PATERSON**.

39.     Despite knowledge of these institutionalized practices, the defendants **DIRECTOR SPEZIALE** and **CHIEF OSWALD** and the **CITY OF PATERSON** have not taken any effective action to prevent Paterson Police personnel from continuing to engage in this type of misconduct.

40.     Defendants **DIRECTOR SPEZIALE** and **CHIEF OSWALD** and the **CITY OF PATERSON** had prior notice of the vicious propensities of defendants **MCAUSLAND, THEN**

8

**and John Does 1-5,** but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

41.    Defendants **DIRECTOR SPEZIALE and CHIEF OSWALD and the CITY OF PATERSON** improperly failed to train defendants **MCAUSLAND, THEN** and John Does 1-5, including the failure to instruct them in applicable provisions of the State Penal Law of the State of New Jersey and the proper and prudent use of force.

42.    Defendants **DIRECTOR SPEZIALE, CHIEF OSWALD and CITY OF PATERSON** authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

   a.    Failing to properly discipline, restrict, and control employees, including defendants **MCAUSLAND, THEN and John Does 1-5,** known to be irresponsible in their dealings with citizens of the community;

   b.    Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically defendants **MCAUSLAND, THEN and John Does 1-5;**

   c.    Failing to complete reports as required and forward to the Office of the Passaic County Prosecutor, evidence of criminal acts committed by police personnel; and

   d.    Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

43.    On or about June 27, 2018, defendant **MCAUSLAND** pled guilty to the charge of deprivation of a person's rights under color of law as protected by the United States Constitution, related to his actions against Plaintiff set forth above, Docket Number 18-CR-

9

00369.

44.    Sentencing of Defendant **MCAUSLAND** took place on March 27, 2019, at which time Defendant **MCAUSLAND** spoke of his repeated acts of unlawful conduct while a police officer during his three years employed by the **PATERSON POLICE DEPARTMENT** prior to his assaulting plaintiff.  Defendant **MCAUSLAND** received a sentence of 66 months with an additional three years of supervised release thereafter and 250 hours of community service.

45.    On or about December 6, 2018, defendant **THEN** pled guilty to the charge of Misprison of Felony, having knowledge of the actual commission of a felony cognizable by a court of the United States, that is, Defendant **MCAUSLAND'S** assault of Plaintiff in violation of his right to be free from unreasonable searches and seizures, which includes the right to be free from the use of unreasonable force by a law enforcement officer, Defendant **MCAUSLAND'S** concealing and not making known as soon as possible the same to a judge or other person in civil authority under the United States, in violation of Title 18, United States Code, Section 4., Docket Number 18-CR-00576.  Sentencing took place on April 2, 2019 at which time defendant **THEN** told the Court that he had been a partner of Defendant **MCAUSLAND** for a little more than a year prior to March 5, 2018, and he had made requests to his supervisors to be transferred away from working with Defendant **MCAUSLAND** but, his requests were denied.  Defendant **THEN** received a sentence of 6 months with an additional one year of supervised release thereafter.

## FIRST CAUSE OF ACTION
### (Civil Rights)

46.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (1) through forty-five (45) of the Complaint and incorporates same by reference.

47.    By reason of the foregoing unlawful and excessive use of force, defendants **CITY OF**

10

PATERSON, **PATERSON POLICE DEPARTMENT, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** through and by the acts of the individual police officers willfully, wantonly, and recklessly violated the civil rights of plaintiff.

48.     By reason of the foregoing unlawful and restraint and imprisonment, defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** through and by the acts of the individual police officers willfully, wantonly, and recklessly violated the civil rights of plaintiff.

49.     By reason of the foregoing false reporting, defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** through and by the acts of the individual police officers willfully, wantonly, and recklessly violated the civil rights of plaintiff.

50.     By reason of the foregoing abuse of process, defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** through and by the acts of the individual police officers willfully, wantonly, and recklessly violated the civil rights of plaintiff.

51.     The foregoing acts of assault and excessive force, restraint, imprisonment, false reporting and abuse of process violated plaintiff's right under the Fourth Amendment to be secure in his person from unreasonable seizures, and deprived plaintiff **CASCIANO** of his rights, privileges and immunities secured by the Constitution and laws of the United States.

52.     The foregoing acts of assault and excessive force, restraint, imprisonment, false

reporting and abuse of process violated plaintiff's right under the First and Fourteenth Amendments to due process, equal protection and his rights of privacy and deprived plaintiff **CASCIANO** of his rights, privileges and immunities secured by the Constitution and laws of the United States.

53.     Defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5,** their agents, servants and/or employees by reason of their acts, omissions, deliberate and conscious indifference to the rights of **CASCIANO,** failure and refusal to properly supervise or otherwise correct improper conduct, in allowing and permitting a pattern of improper violation of police procedures and protocol to persist, failure to properly hire, train and supervise law enforcement officers, and permitting a pattern of abuse to continue, deprived plaintiff of his  rights, privileges and immunities secured by the Constitution and laws of the United States, and are liable to plaintiffs pursuant to Title 42 Section 1983 of the United States Code and  under  state law.

54.     The afore-described acts of the **OFFICER DEFENDANTS** and **JOHN  DOES  1- 5** were committed under the color of law and within their authority as police officers and employees of  the   **CITY OF PATERSON, PATERSON POLICE DEPARTMENT** and **ABC ENTITIES 1-5** and were acting within the  scope  of  their employment and pursuant to the authority vested in them by said defendants.

55.     The afore-described acts of the **OFFICER DEFENDANTS** were committed while under the directive and supervision of defendant **CHIEF OSWALD, DIRECTOR SPEZIALE** and **ABC ENTITIES 1-5** and others in the chain of command.

56.     Defendants **CITY OF  PATERSON, PATERSON POLICE DEPARTMENT, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, ABC ENTITIES 1-5**

and **JOHN DOES 1-5** deprived plaintiff his constitutional rights, acting under color of statute, ordinance, regulation, custom or usage and misused the power they possessed.

57.   Defendants **CITY OF PATERSON, PATERSON· POLICE DEPARTMENT, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, ABC ENTITIES 1-5** and **JOHN DOES 1-5** acted pursuant to official policy and/or· governmental custom, and deprived plaintiff of his constitutional rights secured by 42 U.S. Code.

58.   As a direct and proximate result of the practices, customs and usages of the defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, ABC ENTITIES 1-5** and **JOHN DOES 1-5,** plaintiff was deprived of his right to due process of law guaranteed under the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

59.   As a direct and proximate result of defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, THE OFFICER DEFENDANTS, CHIEF OSWALD, DIRECTOR SPEZIALE, ABC ENTITIES 1-5** and **JOHN DOES 1-5's** constitutional violations, plaintiff sustained serious, severe and permanent injuries.

60.   Defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, CHIEF OSWALD, DIRECTOR SPEZIALE, ABC ENTITIES 1-5** and **JOHN DOES 1-5,** are directly liable and responsible for the acts of defendant **MCAUSLAND** and **THEN** because they knowingly failed to enforce the laws of the United States, the State of New Jersey and the regulations of the **PATERSON POLICE DEPARTMENT** pertaining to the use of force by the **CITY OF PATERSON** police officers, thereby creating within the **PATERSON POLICE DEPARTMENT** an atmosphere on lawlessness in which police officers employ excessive and illegal force and violence, in the belief that such acts will be condoned and justified by their superiors, defendant **CITY OF PATERSON, CHIEF OSWALD** and **DIRECTOR**

13

**SPEZIALE** were or should have been aware of these unlawful acts and practices prior to an at the time of the assault of Plaintiff.

61.     By reason of the foregoing Plaintiff sustained and received severe, painful and permanent injuries, both internal and external, with accompanying great pain, mental anguish and shock, was and will be confined, was and will incur various sums of money for medical aid and other necessary relief and attention, was rendered sick, sore, lame and prostrate, was made to undergo and will undergo great physical and mental anguish, which he suffers and will continue to suffer for an indefinite period of time in the future, and was and will be deprived and prevented from attending to his normal business and vocation, all to his loss, damage and detriment.

62.     WHEREFORE Plaintiff **ANDREW CASCIANO** demands judgment against defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, RUBEN MCAUSLAND, ROGER THEN, CHIEF OF POLICE TROY OSWALD, DIRECTOR JERRY SPEZIALE JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

**SECOND CAUSE OF ACTION**
**(New Jersey Civil Rights Act)**

63.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (1) through sixty-two (62) of the Complaint and incorporates same by reference.

64.     On March 5, 2018, defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, ABC ENTITIES 1-5** and **JOHN DOES 1-5** without cause or justification or consent did place plaintiff **CASCIANO** in fear of imminent physical harm and intentionally assaulted him.

65.     As a direct and proximate result of the assault and battery plaintiff was caused to be placed in fear of physical harm, suffered severe physical injury, emotional anguish and has otherwise been damaged.

66.     The afore-described damages and injuries were caused solely and wholly by the intentional and willful assault and battery by the defendants without any fault of plaintiff contributing thereto.

67.     As a direct and proximate result of the assault and battery as afore-described, plaintiff was caused to suffer severe, painful and pemlanent injuries, sustained severe nervous shock, mental anguish and great physical pain, was compelled to undergo hospital and medical aid and treatment and was prevented from engaging in his usual activities.

68.     By reason of the foregoing, Plaintiff sustained and received severe, painful and permanent injuries, both internal and external, with accompanying great pain, mental anguish and shock, was and will be confined, was and will incur various sums of money for medical aid and other necessary relief and attention, was rendered sick, sore, lame and prostrate, was made to undergo and will undergo great physical and mental anguish, which he suffers and will continue to suffer for an indefinite period of time in the future, and was and will be deprived and prevented from attending to his normal business and vocation, all to his loss, damage and detriment.

69.     WHEREFORE Plaintiff **ANDREW CASCIANO** demands judgment against defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, RUBEN MCAUSLAND, ROGER THEN, CHIEF OF POLICE TROY OSWALD, DIRECTOR JERRY SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

### THIRD CAUSE OF ACTION
### (False restraint and Imprisonment)

70.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (1) through sixty-nine (69) of the Complaint and incorporates same by reference.

71.    Plaintiff was falsely restrained and imprisoned by defendants **MCAUSLAND, THEN,** and JOHN DOES 1-5 acting as police officers, agents, servants and employees of the defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT and ABC ENTITIES 1-5** under the supervision of defendant **CHIEF OSWALD** and **DIRECTOR SPEZIALE.**

72.    The defendant police officers were acting within the scope of their employment and/or agency at the time of the aforementioned false restraint and imprisonment.

73.    As a result of the aforesaid false restraint and imprisonment, plaintiff **CASCIANO** was caused to suffer severe emotional distress, humiliation, embarrassment, ridicule and scorn along with a violation of his civil rights, liberty and freedom.

74.    The afore-described false restraint and imprisonment were wanton, reckless, malicious acts, intentional and without probable cause.

75.    As a direct and proximate result of the false restraint and imprisonment plaintiff has been damaged.

76.    WHEREFORE plaintiff **ANDREW CASCIANO** demands judgment against defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, RUBEN MCAUSLAND, ROGER THEN, CHIEF OF POLICE TROY OSWALD, DIRECTOR JERRY SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

**FOURTH CAUSE OF ACTION**
**(Emotional Distress)**

77.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (l) through seventy-six (76) of the Complaint and incorporated same by reference.

78.    On the 5th day of March, 2018, defendants collectively and individually, by their agents, servants and their employees and each of them individually engaged in actions

16

intended to inflict severe emotional trauma upon plaintiff **CASCIANO.**

79.     The trauma was so severe no reasonable person could be expected to endure it.

80.     By reason of the foregoing, plaintiff has suffered emotional trauma and has been damaged.

81.     WHEREFORE ANDREW **CASCIANO** demands judgment against defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, RUBEN MCAUSLAND, ROGER THEN, CHIEF OF POLICE TROY OSWALD, DIRECTOR JERRY SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

### FIFTH CAUSE OF ACTION
### (Abuse of Process)

82.     Plaintiff repeats and re-alleges each allegation contained in paragraphs one (1) through eighty-one (81) of the Complaint and incorporates same by reference.

83.     Defendants' unlawful acts constitute abuse of process.

84.     By reason of the foregoing plaintiff **CASCIANO** was caused to suffer severe emotional distress, humiliation, embarrassment, ridicule and scorn in violation of his civil rights and due process of law.

85.     By reason of the foregoing plaintiff has been damaged.

86.     WHEREFORE plaintiff ANDREW **CASCIANO** demands judgment against defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, RUBEN MCAUSLAND, ROGER THEN, CHIEF OF POLICE TROY OSWALD, DIRECTOR JERRY SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

## SIXTH CAUSE OF ACTION'
### (Conspiracy)

87.     Plaintiff repeats and re-alleges each allegation contained in paragraphs one (1) through eighty-six (86) of the Complaint and incorporates same by reference.

88.     Defendants unlawfully conspired to assault, commit battery upon, injure and deprive Plaintiff of his rights.

89.     By reason of the foregoing, Plaintiff sustained and received severe, painful and permanent injuries, both internal and external, with accompanying great pain, mental anguish and shock, was and will be confined, was and will incur various sums of money for medical aid and other necessary relief and attention, was rendered sick, sore, lame and prostrate, was made to undergo and will undergo great physical and mental anguish, which he suffers and will continue to suffer for an indefinite period of time in the future, and was and will be deprived and prevented from attending to his normal business and vocation, all to his loss, damage and detriment.

90.     WHEREFORE plaintiff ANDREW CASCIANO demands judgment against defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, RUBEN MCAUSLAND, ROGER THEN, CHIEF OF POLICE TROY OSWALD, DIRECTOR JERRY SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

## SEVENTH CAUSE OF ACTION
### (Negligence)

91.     Plaintiff repeats and re-alleges each allegation contained in paragraphs one (1) through ninety (90) of the Complaint and incorporates same by reference.

92.     Defendants had knowledge that Defendants **MCAUSLAND** and **THEN** were unfit to serve as police officers on and prior to March 5, 2018.

93.     Defendants were negligent and acted in a palpably unreasonable matter in their hiring and retention of Defendants **MCAUSLAND** and **THEN** on and prior to March 5, 2018.

94.     Defendants **MCAUSLAND** and **THEN** were negligent and acted in a palpably unreasonable matter in their interactions with Plaintiff on or about March 5, 2018.

95.     By reason of the foregoing, Plaintiff sustained and received severe, painful and permanent injuries, both internal and external, with accompanying great pain, mental anguish and shock, was and will be confined, was and will incur various sums of money for medical aid and other necessary relief and attention, was rendered sick, sore, lame and prostrate, was made to undergo and will undergo great physical and mental anguish, which he suffers and will continue to suffer for an indefinite period of time in the future, and was and will be deprived and prevented from attending to his normal business and vocation, all to his loss, damage and detriment.

96.     WHEREFORE plaintiff ANDREW **CASCIANO** demands judgment against defendants **CITY OF PATERSON, PATERSON POLICE DEPARTMENT, RUBEN MCAUSLAND, ROGER THEN, CHIEF OF POLICE TROY OSWALD, DIRECTOR JERRY SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

Dated:  April 10, 2019

_____
STEVEN I. GREENE, ESQ. (SG-8924)
Attorney for the Plaintiff
1061 Bloomfield Avenue
West Caldwell, NJ 07006
Phone: 973-575-5001
FAX:  973-575-5117

## JURY DEMAND

Pursuant to Rule 38B of the Federal Rules of Civil Procedure plaintiff demands that trial by jury in these actions for all issues triable by a jury.

## DESIGNATION OF TRIAL COUNSEL

Steven I. Greene, Esq. is hereby designated as trial counsel on behalf of the plaintiff in the within matter.

## CERTIFICATION

I, **STEVEN I. GREENE, ESQ.,** of full age, certify:

a.      I have been retained to represent Plaintiff **ANDREW CASCIANO,** in connection with the within matter.

b.      The matter in controversy is not the subject of any other civil action pending in any civil court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated by plaintiff.

c.      There are no other parties of whom I am presently aware who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:   April 10, 2019

Steven I. Greene, Esq. (SG-8924)
Attorney for Plaintiff