UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW CASCIANO,<br><br>                              Plaintiff,<br>v.<br><br>CITY OF PATERSON, PATERSON POLICE DEPARTMENT, RUBEN MCAUSLAND, Individually and under color of State law, ROGER THEN, Individually and under color of State law, TROY OSWALD, CHIEF OF POLICE OF THE PATERSON POLICE DEPARTMENT, Individually and **under** color of State law, JERRY SPEZIALE, POLICE DIRECTOR FOR THE PATERSON POLICE DEPARTMENT, Individually and under color of State Law, JOHN DOES 1-5 AND ABC ENTITIES 1-5 (as yet unknown and unidentified jail officials, supervisors, agents or employees or entities),<br><br>                            Defendants. | Civil Action No. 19-9475 (JMV)<br><br><u>OPINION</u> |

**FALK, U.S.M.J.**

This is an excessive force case. Plaintiff Andrew Casciano ("Casciano") is now deceased. Before the Court is the motion of Marie Casciano, the mother of Casciano and the Administratrix Ad Prosequendum (referred to herein as "Plaintiff") of the Estate of Andrew Casciano, to amend the Complaint. (CM/ECF No. 42.) Plaintiff seeks to

assert claims under the New Jersey Wrongful Death Act, N.J.S.A. 2A:31-1 *et seq*. ("Wrongful Death Act") and the New Jersey Survivor's Act, N.J.S.A. 2A:15-3 ("Survivor's Act") to recover all reasonable funeral and burial expenses in addition to damages accrued during the lifetime of the decedent.  (CM/ECF No. 42.)  Defendants oppose the motion.  The motion is decided on the papers.  Fed.R.Civ.P. 78(b).  For the reasons set forth below, the motion is **granted**.

## BACKGROUND

On March 5, 2018, Casciano placed an emergency call to 911 and was hospitalized after an attempted suicide.  Two now former police officers of the Paterson Police Department, Ruben McAusland and Roger Then, responded to the hospital.  While at the hospital, McAusland and Then abused Casciano while he was confined to a wheelchair, including punching Casciano in the face, and pushing him to the ground.  (Compl. ¶¶ 22-23.)  After Plaintiff was placed in a private room, Then filmed McAusland slapping Casciano in the face twice.  (Compl. ¶¶ 24-25.)

McAusland and Then were charged criminally for their actions and plead guilty in 2018 to violations of federal law.  In March 2019, McAusland and Then were sentenced for their crimes.  At the time of sentencing, videos of the assaults of Casciano were displayed in Court.  According to Plaintiff, the videos went viral on multiple social media sites after being made public.

On April 10, 2019, Plaintiff filed a Complaint against the City of Paterson ("City"), the Paterson Police Department, former police officers, McAusland and Then,

as well as other individuals associated with the Department, asserting violations of federal and state civil rights acts and state common law claims. On June 28, 2019, the City filed a motion to dismiss which was opposed.

Casciano took his own life on December 23, 2019. A note was found indicating that Casciano killed himself "because the lawsuit was too much of an embarrassment."

On March 12, 2020, the Court entered an Order referring the case to mediation before Hon. Dennis M. Cavanaugh (Ret.). Due to pandemic related delays, the parties participated in mediation in late June 2020. The Court subsequently conducted several conferences in an effort to resolve the case. In particular, the Court conducted a conference on November 2, 2020, and entered an Order the same day setting a deadline for amendment of pleadings if the case were not resolved by December 15, 2020. The case did not settle and Plaintiff timely filed the instant motion.

Plaintiff now seeks to amend the complaint to a include claims of survivorship and wrongful death. Plaintiff claims that the assault on Casciano, and the viral release of the video of the assaults, caused Casciano's spiraling depression and ultimately his suicide. Defendants oppose the motion on futility grounds. Defendants argue that they cannot be held liable for Casciano's suicide which occurred almost two years after the assault. Specifically, Defendants contend that leave to amend should be denied because Casciano's suicide was not a foreseeable consequence of excessive force, the City did not owe Casciano any duty at the time of his suicide, and Casicaino indicated that his suicide was as a result of the lawsuit and not on account of being assaulted.

## DISCUSSION

### A. *Legal standard*

A motion to amend should be granted unless the amendment is (1) unduly delayed or prejudicial; (2) made in bad faith; (3) made with a dilatory motive; (4) the result of the failure to cure previous deficiencies; or (5) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendants' opposition is based on futility. Futility generally refers to the concept that the proposed amendment would not survive a Rule 12(b)(6) motion to dismiss, even if all allegations contained in the proposed pleading were accepted as true.

Although tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims:

> If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper. This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted defense appear to be sufficiently well- grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990) (emphases added) (citations omitted); *see also* 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990). Effectively, this means that the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face . . . ." *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). Given the liberal standard for the

amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *See Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted). Thus, "[i]f a proposed amendment is not *clearly* futile, then denial of leave to amend is improper." *Harrison Beverage*, 133 F.R.D. at 468 (emphasis added); *see also* 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990).

### B.  *Analysis*

The Court, faced with Defendants' futility-based opposition, conducts a limited inquiry—screening and eliminating patently frivolous claims. The Court finds, for the limited purpose of this motion, that Plaintiff's proposed claims are not so clearly frivolous so as to warrant denial of the motion for leave to amend.

Defendants' futility arguments relative to Plaintiff's proposed claims under the Wrongful Death Act and Survivor's Act are akin to a motion for summary judgment. By way of example, Defendants contend that Casciano's suicide was not a foreseeable consequence of excessive force. Defendants base this argument largely on the fact that nearly two years passed between the assault on Casciano and his suicide, claiming that the decedent's suicide was an intervening act and not related to the events giving rise to this lawsuit. Stated another way, Defendants maintain that Plaintiff cannot demonstrate that the proximate cause of the suicide was being struck by the two officers some two years prior. (Def.'s Br. at 6-7.) That may make Plaintiff's claims difficult to prove, but it does not make them futile on their face. Indeed, causation is often termed to be a classic jury issue. *See Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004)

(reasonableness of a police officer's use of force is normally an issue for the jury). The point is that Plaintiff need not prove her claim in order to obtain leave to assert it. Plaintiff's proposed claims need only be supported by alleged facts. See Marlowe Patent Holdings, 293 F.R.D. at 695.

Defendants also advance arguments that the City did not owe Casciano any duty at the time of his suicide and that the suicide was the result of the lawsuit, not the assault. Again, these are merits-based arguments focused primarily on causation are for a jury to consider. Whether Plaintiff will be able to demonstrate causation between the assault and the suicide and prevail on the claims remains to be seen. While it is conceivable that a finder of fact may conclude that the suicide is too attenuated to the assault for the latter to be the cause, Plaintiff's claims are not necessarily futile. What is clear, however, is that the determination that Defendants are essentially requesting this Court make now far exceeds the scope of this motion. The Court will not weigh the evidence and make a decision on the merits of Plaintiff's proposed claims which is arguably what it would be doing if it were to deny the motion for leave as requested by Defendants.

Decisions as to causation are not the type of determinations to be made in the context of Rule 15. As stated above, the Rule 15 standard is less demanding than Rule 12(b)(6), *see Harrison Beverage*, 133 F.R.D. at 468, since it does not require substantive motion practice on the merits of the claims. Applying that standard to the proposed amended pleading, it is clear that the motion to amend should be granted, and that the viability of any such claims may be examined pursuant to the standards of Federal Rule Civil Procedure 12(b)(6).

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for leave to amend the Complaint (CM/ECF No. 42) is **granted.**

s/Mark Falk
**MARK FALK
United States Magistrate Judge**

**Dated: June 15, 2021**