**STEVEN I. GREENE, ESQ.  (SG-8924)**
1061 Bloomfield Avenue
West Caldwell, NJ  07006
PHONE (973) 575-5001
FACSIMILE (973) 575-5117
ATTORNEY FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARIE CASCIANO, General Administratrix and Administratrix Ad Prosequendum of the ESTATE OF ANDREW CASCIANO and MARIE CASCIANO, Individually,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**CITY OF PATERSON, RUBEN MCAUSLAND, Individually and under color of State law, ROGER THEN, Individually and under color of State Law, TROY OSWALD, Chief of Police of the Paterson Police Department, Individually and under color of State law, JERRY SPEZIALE, Police Director of the Paterson Police department, Individually and under color of State law, JOHN DOES 1-5 AND ABC ENTITIES 1-5 (as yet unknown and unidentified jail officials, supervisors, agents or employees or entities),**<br><br>    **Defendants.** | CIVIL ACTION #:  2:19-CV09475 JMV-MAH<br><br><br>SECOND AMENDED COMPLAINT AND JURY DEMAND |

## I. PARTIES

1.      At all relevant times herein plaintiff **MARIE CASCIANO** was and is the **General Administratrix and Administratrix Ad Prosequendum of the ESTATE OF ANDREW CASCIANO**.

2.      At all relevant times herein plaintiff **MARIE CASCIANO** (hereinafter **"CASCIANO"**)

was and is a domiciliary of the Township of Totowa, in the State of New Jersey.

3.      At all relevant times herein the defendant **CITY OF PATERSON,** was and still is a municipal entity organized and existing pursuant to the laws of the State of New Jersey.

4.      At all relevant times herein, upon information and belief, defendant **RUBEN MCAUSLAND** (hereinafter **"MCAUSLAND"**) was a police officer employed by the defendant **CITY OF PATERSON,** acting in his official capacity as a police officer under color of law.  He is sued individually and in his official capacity as a police officer of the City of Paterson.

5.      At all relevant times herein, upon information and belief, defendant **ROGER THEN** (hereinafter **"THEN"**) was a police officer employed by the defendant **CITY OF PATERSON,** acting in his official capacity as a police officer under color of law.  He is sued individually and in his official capacity as a police officer of the City of Paterson.

6.      At all relevant times herein, upon information and belief. defendant **TROY OSWALD** (hereinafter **"CHIEF OSWALD"),** was the Chief of Police of the **PATERSON POLICE DEPARTMENT,** responsible for the supervision and oversight of the Department, including the development, promulgation, and implementation of policies, procedures and standards for the police department and more specifically policies, procedures and standards relating to the training, suspension, use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of police officers of the **PATERSON POLICE DEPARTMENT.**  He is sued individually and in his official capacity as a Chief of Police of the City of Paterson.

7.      At all relevant times herein, upon information and belief. defendant **JERRY SPEZIALE** (hereinafter **"DIRECTOR SPEZIALE"),** was the Police Director of the **PATERSON POLICE DEPARTMENT,** responsible for the supervision and oversight of the Department, including the development, promulgation, and implementation of policies, procedures and standards for the police department and more specifically policies, procedures and standards relating to the training,

suspension, use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of police officers of the **PATERSON POLICE DEPARTMENT.** He is sued individually and in his official capacity as a Director of Police of the City of Paterson.

8.      At all relevant times herein defendants **JOHN DOES 1-5 (as yet unidentified individuals)** were duly appointed police officers and/or supervisors of defendant **CITY OF PATERSON.** They are sued individually and in their official capacity as a police officers and/or supervisors of the City of Paterson.

9.      At all relevant times herein defendants **ABC ENTITIES 1-5 (as yet unknown and unidentified entities**) of the defendant **CITY OF PATERSON,** were municipal entities responsible for procedures and standards for the police department and more specifically policies, procedures and standards relating to the training, suspension, use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of defendant police officers **MCAUSLAND, THEN,** and others.

## II. NATURE OF ACTION

10.      On or about March 5, 2018, Andrew Casciano while at St. Joseph's Medical Center, Paterson, State of New Jersey (hereafter "**St. Joseph's**"), was subject to the unlawful use of excessive and unnecessary force by defendants officers **MCAUSLAND, THEN** and **JOHN DOES 1-5** (collectively, the **"OFFICER DEFENDANTS"**) without justification or cause.

11.      On or about March 5, 2018, Andrew Casciano**,** while at St. Joseph's, was subject to unlawful detention and imprisonment by defendants officers **MCAUSLAND, THEN,** and **JOHN DOES 1-5** without justification or cause.

12.      Thereafter Andrew Casciano was subjected to abuse of process without justification or cause.

13.      On March 5, 2018 and continuing, Andrew Casciano was subjected to unlawful emotional

distress without justification or cause.

14.     Andrew Casciano was caused to suffer severe and permanent injuries by reason of the assault and use of unlawful force by defendants officers **MCAUSLAND, THEN,** and **JOHN DOES 1-5.**

15.     Plaintiffs **MARIE CASCIANO**, General Administratrix and Administratrix Ad Prosequendum of the **ESTATE OF ANDREW CASCIANO** and **MARIE CASCIANO**, individually**,** institute this action for compensatory and punitive damages arising out of the unlawful actions and conduct of the defendants officers **MCAUSLAND, THEN, and JOHN DOES 1-5,** who, acting under color of state law and federal law and under authority, custom and usage of the defendants **CITY OF PATERSON and ABC ENTITIES 1-5,** violated the civil rights of Andrew Casciano protected by and secured under the provisions of the First, Fourth, and Fourteenth amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Section 1983.

16.     At all relevant times herein, defendants **MCAUSLAND,** and **THEN,** were acting under color of state law and within the scope of their authority as employees and/or officers of defendants **CITY OF PATERSON** and **ABC ENTITIES 1-5** as well as acting under the direct supervision of **CHIEF OSWALD** and **DIRECTOR SPEZIALE.**

### III. JURISDICTION

17.     This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331, 1332, 1343 (2), 1343 (3), 1343 (4), and Title 42 of the United States Code, Section 1983, as well as supplemental jurisdiction to adjudicate plaintiff's causes of action on the state and common law claims.

18.     Venue is properly laid in the United States District Court of the District of New Jersey pursuant to Title 28 United States Code Section 1391 (b) in that all of the acts complained of

herein occurred in the district and that the defendants are citizens of, reside in or are public entities of the State of New Jersey and domiciled within this district.

### IV. FACTUAL ALLEGATIONS

19.     On the 5th day of March, 2018, Andrew Casciano placed a call to 911 for emergency assistance regarding an attempted suicide.

20.     Andrew Casciano was transported to St. Joseph's.

21.     Defendants **MCAUSLAND** and **THEN** first went to Andrew Casciano's home and then went to St. Joseph's, in response to the attempted suicide by Andrew Casciano.

22.     In the waiting area of St. Joseph's Emergency Room, Andrew Casciano was in a wheelchair when Defendant **MCAUSLAND** pushed the Plaintiff and then punched the Plaintiff in the face with his right hand.

23.     Defendant **THEN** grabbed Andrew Casciano by the back of the neck and further pushed the Plaintiff to the ground.

24.     In a St. Joseph's patient room, Andrew Casciano was on his back in a hospital bed when Defendant **MCAUSLAND** put on a pair of exam gloves and violently struck the Plaintiff twice across the face.  Defendant **MCAUSLAND** then said to Andrew Casciano, "I ain't [expletive] playing with you."

25.     Defendant **THEN** recorded the incident in the hospital room using his cellular telephone and laughed while Defendant **MCAUSLAND** was assaulting Andrew Casciano.

26.     As a direct and proximate result of being punched, having his neck pushed down and being struck twice across the face, Andrew Casciano sustained severe permanent personal injuries which had a substantial impact on his life including: a. displaced right orbital wall fracture treated with open reduction surgery to reduce the fracture and insert an orbital wall

plate and three 4 mm screws; b. vision changes due to facial/orbital injury and need to wear glasses to address same; c. disc bulging at C5-6 in the cervical spine as well as injury to the mid and low back, all of which were found to be permanent by his treating chiropractor; d. Post-Traumatic Stress Disorder for which he received counseling; e. death by suicide on December 23, 2019; and f. he incurred medical bills in excess of $3,600.

27.    On or about June 27, 2018, Defendant **MCAUSLAND** pled guilty to the charge of deprivation of a person's rights under color of law as protected by the United States Constitution, related to his actions against Andrew Casciano set forth above, Docket Number 18-CR-00369.

28.    Sentencing of Defendant **MCAUSLAND** took place on March 27, 2019, at which time Defendant **MCAUSLAND** spoke of his repeated acts of unlawful conduct while a police officer during his three years employed by the **PATERSON POLICE DEPARTMENT** prior to his assaulting Andrew Casciano.  Defendant **MCAUSLAND** received a sentence of 66 months with an additional three years of supervised release thereafter and 250 hours of community service.

29.    On or about December 6, 2018, Defendant **THEN** pled guilty to the charge of Misprison of Felony, having knowledge of the actual commission of a felony cognizable by a court of the United States, that is, Defendant **MCAUSLAND'S** assault of Andrew Casciano in violation of his right to be free from unreasonable searches and  seizures, which includes the right to be free from the use of unreasonable force by a law enforcement officer, Defendant **MCAUSLAND'S** concealing and not making known as soon as possible the same to a judge or other person in civil authority under the United States, in violation of Title 18, United States Code, Section 4.,  Docket Number 18-CR-00576.

30.    Sentencing of **THEN** took place on April 2, 2019 at which time defendant **THEN** told the Court that he had been a partner of Defendant **MCAUSLAND** for a little more than a year prior

to March 5, 2018, and he had made requests to his supervisors to be transferred away from working with Defendant **MCAUSLAND,** but his requests were denied. **THEN** said: "I had moments I had dreaded going to work because I knew I had to work with McAusland. Since he was my senior officer, I had to do what he say. No questions asked. I tried asking other senior officers advice of how I could deal working with McAusland, but, no one did anything to help." Defendant **THEN** received a sentence of 6 months with an additional one year of supervised release thereafter.

31.     Following the publication of videos of the assaults at the sentencing of Defendant **MCAUSLAND**, the videos went viral. Due to stress caused to Andrew Casciano by the assaults and videos going viral, Andrew Casciano's depression spiraled through the summer of 2019 and ultimately were a proximate cause of his suicide on December 23, 2019. Andrew Casciano's suicide and his hanging body were discovered by his mother, Marie Casciano.

32.     Upon information and belief, NJ Advance Media conducted a review of "use of force" by police officers in the State of New Jersey, including those employed by Defendant **CITY OF PATERSON**, from 2012 through 2016 (hererin "Force Report").
http://force.nj.com/database/pd-dept/paterson-passaic

33.     Upon information and belief, according to the Force Report, the **CITY OF PATERSON** averaged 377 police officers, with 1,869 uses of force, or a rate of 48.1 incidents per 1000 arrests. These numbers were higher than 401 other police departments.

34.     Based upon comments by Defendant **MCAUSLAND's** counsel at his sentencing hearing, **MCAUSLAND** joined the **CITY OF PATERSON** police force in January 2014 at age 22.

35.     Upon information and belief, in connection with the review by NJ Advance Media of "use of force" by police officers in the State of New Jersey, they included information concerning Defendant **MCAUSLAND**.

http://force.nj.com/database/officers/RubenMcAuslandPaterson

36.     Upon information and belief, according to the Force Report, Defendant **MCAUSLAND** was identified as involved in two use of force incidents in 2015 and six use of force incidents in 2016, while the department average for the **CITY OF PATERSON** was 5.7 incidents over the entire five (5) year period reviewed.

37.     Upon information and belief, according to the Force Report, most other police officers of  the **CITY OF PATERSON** with eight or more use of force incidents were employed by Defendant **CITY OF PATERSON** longer than Defendant **MCAUSLAND**.

38.     Upon information and belief, allegations of excessive use of force were made against Defendant **MCAUSLAND** relating to an alleged incident of May 28, 2015 (victim was allegedly struck by McAusland using a baton in the back and leg area).  Internal Affairs investigated the complaint and the charges were dismissed.

39.     Upon information and belief, allegations of excessive force were made against Defendant **MCAUSLAND** relating to an alleged incident of March 5, 2017 (victim was allegedly assaulted, maced, and had money stolen from him).  Internal Affairs investigated the complaint and the charges were dismissed.

40.     Upon information and belief, per April 20, 2018 press release of the United States Attorney for the District of New Jersey, the Federal Bureau of Investigation was working in cooperation with Defendants **CITY OF PATERSON**, **SPEZIALE** and **OSWALD**, investigating Defendant **MCAUSLAND** for alleged distribution and intent to distribute narcotics (heroin, crack cocaine, powder cocaine and marijuana) from October 2017 through April 2018.  During this time, which includes the time Andrew Casciano was assaulted, March 8, 2018, Defendant **MCAUSLAND** was permitted to remain on the police force and function as a police officer.  Per The Criminal Complaint of April 19, 2018 against Defendant **MCAUSLAND**, a number of the offenses occurred between October 2017 and late February 2018.

41.     Defendants maliciously and with deliberate indifference and without cause deprived Andrew Casciano of his liberty and the rights, privileges and immunities granted to him under the United States Constitution by use of excessive force and the filing of a false police report.

42.     Defendant **THEN** knowingly and willfully conspired and agreed with Defendant **MCAUSLAND** to injure, oppress, threaten, and intimidate Andrew Casciano in the free exercise and enjoyment of the rights secured to Andrew Casciano by the Constitution and laws of the United States, namely, the right to be free from unreasonable searches and seizures, which includes the right to be free from the use of unreasonable force by a law enforcement officer.

43.     It was further part of the conspiracy that Defendant **THEN**, instead of attempting to stop Defendant **MCAUSLAND,** recorded **MCAUSLAND** putting on a pair of exam gloves and violently striking Andrew Casciano twice across the  face.

44.     It was further part of the conspiracy that Defendants **THEN** and **MCAUSLAND** submitted a false Incident Report to the Paterson Police Department and Defendants **THEN** and **MCAUSLAND** agreed to omit and did omit material facts from the Incident Report, namely that: (a) MCAUSLAND punched the Plaintiff and **THEN** grabbed the Andrew Casciano by the neck and pushed the victim towards the ground; (b) **MCAUSLAND** violently struck Andrew Casciano twice, in a hospital room; and (c) that **THEN** used his cellular telephone to record **MCAUSLAND'S** assault of the Plaintiff in the St. Joseph's hospital room.

45.     The conduct of the **OFFICER DEFENDANTS** constitutes an abuse of process which deprived Andrew Casciano of his liberty and the rights, privileges and immunities granted to him under the United States and New Jersey Constitutions.

46.     At all relevant times herein, Defendants **MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** were acting under color of state law and within the scope of their authority as employees, agents and/or officers of Defendant **CITY OF PATERSON.**

47.     During all relevant times herein Defendants **MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE** and **JOHN DOES 1-5,** their agents servants, and/or employees acted under color of law, under the color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs, usages, and practices of the said police departments, agencies and entities.

48.     During all relevant times defendants **DIRECTOR SPEZIALE** and **CHIEF OSWALD** ratified and maintained a practice and/or custom of failing to train, discipline and/or supervise the **OFFICER DEFENDANTS** in conformity with clearly established constitutional principles which govern their conduct, including proscriptions against the use of excessive force in effecting seizures and/or control of unarmed persons.

49.     During all relevant times herein Defendants **DIRECTOR SPEZIALE** and **CHIEF OSWALD** were responsible for the conduct of the **OFFICER DEFENDANTS** as well as instruction, supervision and implementation of proper law enforcement procedures and oversight over the Paterson Police Department**.**

50.     During all relevant times herein the aforementioned **OFFICER DEFENDANTS** acted jointly and in concert with each other, and conspired and agreed between and amongst themselves to commit unlawful assault, battery and violations of civil rights upon Andrew Casciano.

51.     At all relevant times herein the Defendants acted with deliberate and conscious indifference to Andrew Casciano's constitutional rights which violations arise out of a pattern of custom, and practice by and of Defendants **CITY OF PATERSON,  ABC ENTITIES  1-5,**

**DIRECTOR SPEZIALE** and **CHIEF OSWALD** in allowing the use of excessive force, permitting and condoning the use of excessive force and violation of police procedures as well as the failure to properly train and supervise police officers in the proper conduct of their duties and in the use of force.

52.     Prior to the events of March 5, 2018 and at all relevant times herein, the Defendants **CITY OF PATERSON, ABC ENTITIES  1-5,  DIRECTOR SPEZIALE** and **CHIEF OSWALD** acted with deliberate and conscious indifference to Andrew Casciano**'s** constitutional rights which violations arise out of a pattern of custom, and practice by and of defendants **CITY OF PATERSON, ABC ENTITIES  1-5, DIRECTOR SPEZIALE** and **CHIEF OSWALD** in allowing Defendant **MCAUSLAND** to participate in police work while they had prior knowledge that he had improperly engaged in illegal activities including in multiple drug related transactions between September 2017 and the end of February 2018, and Defendant **MCAUSLAND** was subject to two internal affairs investigations for alleged excessive use of force in the three years prior to March 8, 2018 and he had been involved in eight incidents involving excessive use of force in 2015 and 2016.

53.     The abuse to which Andrew Casciano was subjected was consistent with an institutionalized practice of the Paterson Police Department, which was known and ratified by Defendants **DIRECTOR SPEZIALE** and **CHIEF OSWALD a**nd the **CITY OF PATERSON**.

54.     Upon information and belief, despite knowledge of these institutionalized practices, the Defendants **DIRECTOR SPEZIALE** and **CHIEF OSWALD** and the **CITY OF PATERSON** have not taken any effective action to prevent Paterson Police personnel from continuing to engage in this type of misconduct.

55.     Defendants **DIRECTOR SPEZIALE** and **CHIEF OSWALD a**nd the **CITY OF PATERSON** had prior notice of the vicious propensities of Defendant **MCAUSLAND**, but took no steps to train him, correct his abuse of authority, or to discourage his unlawful use of authority.

56.     Defendants **DIRECTOR SPEZIALE and CHIEF OSWALD and the CITY OF PATERSON** improperly failed to train Defendant **MCAUSLAND,** including the failure to instruct him in applicable provisions of the State Penal Law of the State of New Jersey and the proper and prudent use of force.

57.     Defendants **DIRECTOR SPEZIALE, CHIEF OSWALD and CITY OF PATERSON** authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

a.     Failing to properly discipline, restrict, and control employees, including Defendant **MCAUSLAND,** known to be irresponsible in his dealings with citizens of the community;

b.     Failing to take adequate precautions in the promotion, and retention of police personnel, including specifically Defendant **MCAUSLAND**;

c.     Failing to complete reports as required and forward to the Office of the Passaic County Prosecutor, evidence of criminal acts committed by police personnel; and

d.     Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

## FIRST CAUSE OF ACTION
### (Civil Rights)

58.     Plaintiffs repeat and re-alleges each and every allegation contained in paragraphs one (1)

through fifty-seven (57) of the Complaint and incorporate same by reference.

59.     By reason of the foregoing unlawful and excessive use of force, Defendants **CITY OF PATERSON, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** through and by the acts of the individual police officers willfully, wantonly, and recklessly violated the civil rights of Andrew Casciano.

60.     By reason of the foregoing unlawful and restraint and imprisonment, Defendants **CITY OF PATERSON, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** through and by the acts of the individual police officers willfully, wantonly, and recklessly violated the civil rights of Andrew Casciano.

61.     By reason of the foregoing false reporting, Defendants **CITY OF PATERSON, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** through and by the acts of the individual police officers willfully, wantonly, and recklessly violated the civil rights of Andrew Casciano

62.     By reason of the foregoing abuse of process, Defendants **CITY OF PATERSON, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** through and by the acts of the individual police officers willfully, wantonly, and recklessly violated the civil rights of Andrew Casciano.

63.     The foregoing acts of assault and excessive force, restraint, imprisonment, false reporting and abuse of process violated Andrew Casciano's right under the Fourth Amendment to be secure in his person from unreasonable seizures, and deprived Andrew Casciano of his rights, privileges and immunities secured by the Constitution and laws of the United States.

64.     The foregoing acts of assault and excessive force, restraint, imprisonment, false reporting and abuse of process violated plaintiff's right under the First and Fourteenth Amendments to due process, equal protection and his rights of privacy and deprived Andrew Casciano of his rights,

privileges and immunities secured by the Constitution and laws of the United States.

65.     Defendants **CITY OF PATERSON, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5,** their agents, servants and/or employees by reason of their acts, omissions, deliberate and conscious indifference to the rights of Andrew Casciano**,** failure and refusal to properly supervise or otherwise correct improper conduct, in allowing and permitting a pattern of improper violation of police procedures and protocol to persist, failure to properly train and supervise law enforcement officers, and permitting a pattern of abuse to continue, deprived plaintiff of his  rights, privileges and immunities secured by the Constitution and laws of the United States, and are liable to plaintiffs pursuant to Title 42 Section 1983 of the United States Code and  under  state law.

66.     The afore-described acts of the **OFFICER DEFENDANTS** and **JOHN  DOES  1- 5** were committed under the color of law and within their authority as police officers and employees of the  **CITY OF PATERSON** and **ABC ENTITIES 1-5** and were acting within the  scope  of  their employment and pursuant to the authority vested in them by said defendants.

67.     The afore-described acts of the **OFFICER DEFENDANTS** were committed while under the directive and supervision of Defendants **CHIEF OSWALD, DIRECTOR SPEZIALE** and **ABC ENTITIES 1-5** and others in the chain of command.

68.     Defendants **CITY OF PATERSON, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** deprived Plaintiff his constitutional rights, acting under color of statute, ordinance, regulation, custom or usage and misused the power they possessed.

69.     Defendants **CITY OF PATERSON, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** acted pursuant to official and/or governmental custom, and deprived Plaintiff of his constitutional rights secured by 42

Section 1983 of the United States Code.

70.     As a direct and proximate result of the practices, customs and usages of the Defendants **CITY OF PATERSON, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** Andrew Casciano was deprived of his right to due process of law guaranteed under the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

71.     As a direct and proximate result of defendants**, CITY OF PATERSON, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** constitutional violations, Andrew Casciano sustained serious, severe and permanent injuries.

72.     By reason of the foregoing Andrew Casciano sustained and received severe, painful and permanent injuries, both internal and external, with accompanying great pain, mental anguish and shock, was and will be confined, was and will incur various sums of money for medical aid and other necessary relief and attention, was rendered sick, sore, lame and prostrate, was made to undergo and will undergo great physical and mental anguish, which he suffered from the time of the assault through his death, and was deprived and prevented from attending to his normal business and vocation, all to his loss, damage and detriment.

WHEREFORE, Plaintiffs **MARIE CASCIANO,** General Administratrix and Administratrix Ad Prosequendum of the **ESTATE OF ANDREW CASCIANO and MARIE CASCIANO,** individually**,** demand judgment against Defendants **CITY OF PATERSON, RUBEN MCAUSLAND, ROGER THEN, CHIEF OSWALD, DIRECTOR SPEZIALE**, **JOHN DOES 1-5 and ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

**SECOND CAUSE OF ACTION**
**(New Jersey Civil Rights Act)**

73.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs one (1) through seventy-two (72) of the Complaint and incorporates same by reference.

74.    On March 5, 2018, Defendants **CITY OF PATERSON, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** without cause or justification or consent did place Andrew Casciano in fear of imminent physical harm and intentionally assaulted him.

75.    As a direct and proximate result of the assault and battery Andrew Casciano was caused to be placed in fear of physical harm, suffered severe physical injury, emotional anguish and has otherwise been damaged.

76.    The afore-described damages and injuries were caused solely and wholly by the intentional and willful assault and battery by the Defendants without any fault of Andrew Casciano contributing thereto.

77.    As a direct and proximate result of the assault and battery as afore-described, Andrew Casciano was caused to suffer severe, painful and pem1anent injuries, sustained severe nervous shock, mental anguish and great physical pain, was compelled to undergo hospital and medical aid and treatment and was prevented from engaging in his usual activities.

78.    By reason of the foregoing Andrew Casciano sustained and received severe, painful and permanent injuries, both internal and external, with accompanying great pain, mental anguish and shock, was and will be confined, was and will incur various sums of money for medical aid and other necessary relief and attention, was rendered sick, sore, lame and prostrate, was made to undergo and will undergo great physical and mental anguish, which he suffered from the time of the assault through his death, and was deprived and prevented from attending to his normal business and

vocation, all to his loss, damage and detriment.

WHEREFORE, Plaintiffs **MARIE CASCIANO**, General Administratrix and Administratrix Ad Prosequendum of the **ESTATE OF ANDREW CASCIANO** and **MARIE CASCIANO**, individually**,** demand judgment against defendants **CITY OF PATERSON, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

### THIRD CAUSE OF ACTION
### (False restraint and Imprisonment)

79.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs one (1) through seventy-eight (78) of the Complaint and incorporates same by reference.

80.     Andrew Casciano was falsely restrained and imprisoned by Defendants **MCAUSLAND, THEN,** and JOHN DOES 1-5 acting as police officers, agents, servants and employees of the Defendant **CITY OF PATERSON, and ABC ENTITIES 1-5** under the supervision of Defendant **CHIEF OSWALD** and **DIRECTOR SPEZIALE.**

81.     The Defendant police officers were acting within the scope of their employment and/or agency at the time of the aforementioned false restraint and imprisonment.

82.     As a result of the aforesaid false restraint and imprisonment, Andrew Casciano was caused to suffer severe emotional distress, humiliation, embarrassment, ridicule and scorn along with a violation of his civil rights, liberty and freedom.

83.     The afore-described false restraint and imprisonment were wanton, reckless, malicious acts, intentional and without probable cause.

84.     As a direct and proximate result of the false restraint and imprisonment Andrew

Casciano was damaged.

WHEREFORE, Plaintiffs **MARIE CASCIANO**, General Administratrix and Administratrix Ad Prosequendum of the **ESTATE OF ANDREW CASCIANO** and **MARIE CASCIANO**, individually**,** demand judgment against defendants **RUBEN MCAUSLAND, ROGER THEN, JOHN DOES 1-5** and  **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

**FOURTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

85.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs one (l) through eighty-four (84) of the Complaint and incorporated same by reference.

86.     On the 5th day of March, 2018, Defendants **RUBEN MCAUSLAND, ROGER THEN, JOHN DOES 1-5** and **ABC ENTITIES 1-5** collectively and individually, by their agents, servants and their employees and each of them individually engaged in actions intended to inflict severe emotional trauma upon Andrew Casciano**.**

87.     The trauma was so severe no reasonable person could be expected to endure it.

88.     By reason of the foregoing, Andrew Casciano suffered emotional trauma and has been damaged.

WHEREFORE, Plaintiffs **MARIE CASCIANO**, General Administratrix and Administratrix Ad Prosequendum of the **ESTATE OF ANDREW CASCIANO** and **MARIE CASCIANO**, individually**,** demand judgment against Defendants **RUBEN MCAUSLAND, ROGER THEN, JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

## FIFTH CAUSE OF ACTION
### (Abuse of Process)

89.     Plaintiffs repeat and re-allege each allegation contained in paragraphs one (1) through eighty-eight (88) of the Complaint and incorporates same by reference.

90.     Defendants' unlawful acts constitute abuse of process.

91.     By reason of the foregoing Andrew Casciano was caused to suffer severe emotional distress, humiliation, embarrassment, ridicule and scorn in violation of his civil rights and due process of law.

92.     By reason of the foregoing Andrew Casciano was damaged.

WHEREFORE, Plaintiffs **MARIE CASCIANO**, General Administratrix and Administratrix Ad Prosequendum of the **ESTATE OF ANDREW CASCIANO** and **MARIE CASCIANO**, individually**,** demand judgment against Defendants **RUBEN MCAUSLAND, ROGER THEN, JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

## SIXTH CAUSE OF ACTION
### (Civil Conspiracy)

93.     Plaintiffs repeat and re-allege each allegation contained in paragraphs one (1) through ninety-two (92) of the Complaint and incorporates same by reference.

94.     Defendants unlawfully conspired to assault, commit battery upon, injure and deprive Andrew Casciano of his rights.

95.     By reason of the foregoing, Andrew Casciano sustained and received severe, painful and permanent injuries, both internal and external, with accompanying great pain, mental anguish and shock, was and will be confined, was and will incur various sums of money for medical aid and other necessary relief and attention, was rendered sick, sore, lame and prostrate, was made to undergo great

physical and mental anguish, which he suffered and was deprived and prevented from attending to his normal business and vocation, all to his loss, damage and detriment.

WHEREFORE, Plaintiffs **MARIE CASCIANO**, General Administratrix and Administratrix Ad Prosequendum of the **ESTATE OF ANDREW CASCIANO** and **MARIE CASCIANO**, individually**,** demand judgment against defendants **RUBEN MCAUSLAND, ROGER THEN, JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

## SEVENTH CAUSE OF ACTION
### (Negligence)

96.     Plaintiffs repeats and re-allege each allegation contained in paragraphs one (1) through ninety-five (95) of the Complaint and incorporate same by reference.

97.     Defendants **MCAUSLAND** and **THEN** were negligent and acted in a palpably unreasonable matter in their interactions with Plaintiff on or about March 5, 2018.

98.     Defendant **CITY OF PATERSON** is responsible for the negligent actions and palpably unreasonable conduct of Defendants **MCAUSLAND** and **THEN** pursuant to respondeat superior**.**

99.     Defendants **CITY OF PATERSON, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** had knowledge that Defendants **MCAUSLAND** and **THEN** were unfit to serve as police officers on and prior to March 5, 2018.

100.     Defendants **CITY OF PATERSON, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** were negligent and acted in a palpably unreasonable matter in their supervision and retention of Defendants **MCAUSLAND** and **THEN** on and prior to March 5, 2018.

101.     Defendants **CITY OF PATERSON, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5,** knew of the particular unfitness, incompetence or

dangerous attributes of Defendants **MCAUSLAND** and **THEN** and could reasonably have foreseen that such qualities created a risk of harm to others.

102.    Defendants **CITY OF PATERSON, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** owed a duty of care to Andrew Casciano.

103.    Defendants **CITY OF PATERSON, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** breached their duty of care to Andrew Casciano.

104.    By reason of the foregoing, Andrew Casciano sustained and received severe, painful and permanent injuries, both internal and external, with accompanying great pain, mental anguish and shock, was confined, incurred various sums of money for medical aid and other necessary relief and attention, was rendered sick, sore, lame and prostrate, was made to undergo and will undergo great physical and mental anguish, which he suffered and was deprived and prevented from attending to his normal business and vocation, all to his loss, damage and detriment.

WHEREFORE, Plaintiffs **MARIE CASCIANO**, General Administratrix and Administratrix Ad Prosequendum of the **ESTATE OF ANDREW CASCIANO** and **MARIE CASCIANO**, individually**,** demand judgment against Defendants **CITY OF PATERSON, RUBEN MCAUSLAND, ROGER THEN, CHIEF OF POLICE TROY OSWALD, DIRECTOR JERRY SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

<u>**EIGHTH CAUSE OF ACTION**</u>
<u>**(Wrongful Death and Survivorship)**</u>

105.    Plaintiffs repeat and re-allege each allegation contained in paragraphs one (1) through

one hundred four (104) of the Complaint and incorporate same by reference.

106.    Andrew Casciano tragically took his own life and was found on December 23, 2019 by

Plaintiff **MARIE CASCIANO.**

107.    Andrew Casciano experienced great emotional distress from the assaults of March 5, 2018

and the publication of videos of the assaults upon the criminal sentencing of Defendant

**MCAUSLAND** on March 27, 2019 which lead to a spiraling of his depression through the summer

of 2019 and ultimately his suicide on December 23, 2019.

108.    By reason of the foregoing, Andrew Casciano's death was caused by the wrongful acts and/or

negligence of Defendants **CITY OF PATERSON, RUBEN MCAUSLAND, ROGER**

**THEN, CHIEF OF POLICE TROY OSWALD**, **DIRECTOR JERRY SPEZIALE, JOHN**

**DOES 1-5** and **ABC ENTITIES 1-5.**

109.    Andrew Casciano would have been able to maintain an action for damages had he survived.

110.    Andrew Casciano left surviving his mother, Plaintiff **MARIE CASCIANO**, Administratrix

Ad Prosequendum of the **ESTATE OF ANDREW CASCIANO,** who is entitled to bring this

action under the New Jersey Wrongful Death Act, N.J.S.A. 2A:31-1 et seq.

111.    Plaintiff **MARIE CASCIANO**, General Administratrix of the **ESTATE OF ANDREW**

**CASCIANO**, is entitled to bring this action under the New Jersey Survivor's Act, N.J.S.A. 2A:15-3

to recover all reasonable funeral and burial expenses in addition to damages accrued during the

lifetime of the deceased Andrew Casciano.

        WHEREFORE, Plaintiffs **MARIE CASCIANO**, General Administratrix and

Administratrix Ad Prosequendum of the **ESTATE OF ANDREW CASCIANO and MARIE**

**CASCIANO**, individually**,** demand judgment against Defendants **CITY OF PATERSON,**

**RUBEN MCAUSLAND, ROGER THEN, CHIEF OF POLICE TROY OSWALD**,

**DIRECTOR JERRY SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and

severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

## NINTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

112.    Plaintiffs repeat and re-allege each allegation contained in paragraphs one (1) through one hundred eleven (111) of the Complaint and incorporate same by reference.

113.    Plaintiff **MARIE CASCIANO** discovered the body of Andrew Casciano hanging on December 23, 2019**.**

114.    Andrew Casciano left a note at the scene of his suicide relating his suicide to his lawsuit arising from the assaults of March 5, 2018.

115.    Defendants **CITY OF PATERSON, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** owed a duty of care to Marie Casciano.

116.    Defendants **CITY OF PATERSON, MCAUSLAND, THEN, CHIEF OSWALD, DIRECTOR SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** by and through their actions aforesaid, breached their duty of care to Marie Casciano.

117.    By reason of the foregoing Plaintiff **MARIE CASCIANO** experienced severe mental anguish, suffering and shock, all of which were reasonably foreseeable, as a result of her discovery of the body of her son Andrew Casciano following his suicide by hanging.

WHEREFORE, Plaintiff **MARIE CASCIANO** demands judgment against Defendants **CITY OF PATERSON, RUBEN MCAUSLAND, ROGER THEN, CHIEF OF POLICE TROY OSWALD**, **DIRECTOR JERRY SPEZIALE, JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorney's fees.

Dated:  February 17, 2022

    */s/ Steven I. Greene*
STEVEN I. GREENE, ESQ. (SG-8924)
Attorney for the Plaintiffs
1061 Bloomfield Avenue
West Caldwell, NJ  07006
Phone:  973-575-5001
FAX:  973-575-5117

## **JURY DEMAND**

Pursuant to Rule 38B of the Federal Rules of Civil Procedure Plaintiffs demand that trial by jury in these actions for all issues triable by a jury.

## **DESIGNATION OF TRIAL COUNSEL**

Steven I. Greene, Esq. is hereby designated as trial counsel on behalf of the Plaintiffs in the within matter.

## **CERTIFICATION**

I, **STEVEN I. GREENE, ESQ.,** of full age, certify:

a.       I have been retained to represent Plaintiffs **MARIE CASCIANO**, General Administratrix and Administratrix Ad Prosequendum of the **ESTATE OF ANDREW CASCIANO** and **MARIE CASCIANO**, individually**,** in connection with the within matter.

b.       The matter in controversy is not the subject of any other civil action pending in any civil court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated by plaintiff.

c.       There are no other parties of whom I am presently aware who should be joined in this action.

d.       This Amended Complaint is being filed consistent with Court Order and Opinion dated

January 19, 2022.

  I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: February 17, 2022         _/s/ Steven I. Greene_

                    Steven I. Greene, Esq. (SG-8924)

                    Attorney for Plaintiffs